| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION |

NACHOL GREEN, §
§
    *Plaintiff(s)*, §
§   No. _____
v. §
§
CITY OF LA MARQUE, §   **JURY TRIAL DEMANDED**
§
    *Defendant(s)*. §

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff NACHOL GREEN (hereinafter "Green" or "Plaintiff") and brings this suit against and complains of CITY OF LA MARQUE (referred to as "the City" or "La Marque"). Plaintiff states as follows:

    A.    **NATURE OF THE CASE**

1. This employment discrimination case is brought by Nachol Green, a former acting Captain in the Fire Department in the City of La Marque, Texas. She suffered egregious physical and verbal sexual harassment at the hands of her supervisor Captain William Reed. Plaintiff Green brings this sex discrimination/sexual harassment and retaliation case pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, *et. seq*. ("Title VII") and Chapter 21 of the Texas Labor Code.

2. Green brings this action because the City of La Marque has maintained a

discriminatory workplace in which she has been subject to discrimination, sexual harassment, and a hostile work environment based upon her gender, female. When Greene opposed these unlawful discriminatory/sexually harassing practices, the sexual advances escalated and she was ultimately terminated.

## B.  PARTIES

3. Plaintiff NACHOL GREEN is an individual, who is a citizen of the State of Texas and at all times relevant to this complaint was a resident of the district and resided in La Marque, Texas where a substantial part of the events or omissions giving rise to the claim occurred.

4. Defendant CITY OF LA MARQUE is a governmental entity by virtue of the laws of the state of Texas and is an employer as contemplated under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e et seq. Service of process may be served upon the City of La Marque's Mayor Bobby Hocking at 1111 Bayou Road, La Marque, Texas 77568.

## C.  JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages (federal question). 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051 and §21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.     On July 1, 2019, Green filed her initial complaint with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission – Civil Rights Division ("TWCCRD").

7.     Green has exhausted any applicable administrative remedies and on September 21, 2020, received the Dismissal and Notice of Right to Sue letter from EEOC.  This lawsuit has been filed within 90 days of her receipt of the Dismissal and Notice of Right to Sue letter.

8.     All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

9.     Venue is proper in this judicial district court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3), because Title VII cases may be brought in any judicial district in the State in which any unlawful employment practice is alleged to have been committed and the acts complained of were committed within the Southern District of Galveston.

D.     STATEMENT OF FACTS

10.    On January 8, 2018, Plaintiff Green, a female, became employed with Defendant as a firefighter/paramedic at the City of La Marque's Fire Department.  She was soon promoted to Engineer, then to EMS Coordinator.

11.    Green reported to Captain William Reed, a male supervisor.

12.    Captain Reed has been previously suspended, terminated and later rehired even though he made threats of workplace violence.

13.    Captain William Reed initiated a sexual relationship with Plaintiff Green through intimidation and threats.

3

14. When she refused his continued sexual advances, he threatened her employment with the City, claiming he was the only reason she was employed with the City.

15. As a result of Captain Reed's sexual advances and threats, Green complained to Fire Chief Gerald Grimm, both verbally and in writing. She explained the treatment she experienced, and that she wanted either to transfer or resign from employment.

16. Chief Grimm then transferred her to work directly under and report to him.

17. Captain Reed continued to harass Green for sex.

18. After Chief Grimm retired from his position with the City of La Marque and Green was once again directly reporting to Captain Reed.

19. On April 25, 2019, Green was promoted to Captain by the Interim Fire Chief Michael S. Carlson.

20. The new City Manager Charles Jackson downgraded her promotion to "acting captain", claiming her previous promotion was a mistake.

21. On June 19, 2019, Green complained again, this time, to City Manager Charles Jackson. She requested a meeting with Jackson discuss the extent of the harassment she experienced. She further informed the City that without its assistance, she had no other alternative than to file a charge of discrimination with the Equal Employment Opportunity Commission.

22. Green was further threatened with termination/failure to promote if she continued to complain about Captain Reed.

23. Instead of the city manager meeting with her, the City sent a team of police officers to collect Green while she was on duty and transport her to submit to an unwarranted drug test.

4

24. This was the first step in a calculated, concerted and unlawful effort to terminate Plaintiff Green.

25. Although her standard 5-panel and standard 10-panel drug tests were confirmed to be negative, the City refused to allow Plaintiff to return to work.

26. On or about July 1, 2019, Green filed a charge of discrimination for sexual harassment and retaliation and notation that such actions were continuing with the Equal Employment Opportunity Commission ("EEOC"). The EEOC is the federal governmental agency tasked with investigating alleged violations of Title VII.

27. As pretext for sexual harassment and retaliation and after Green filed her EEOC charge, the City terminated her, claiming that she had a positive drug test—the results however, refer to her sample being taken on a day she did not submit to a drug test.

28. The unlawful employment practices complained of in the foregoing were done with malice or with reckless indifference to the federally and state protected rights of Green.

29. Other employees that have not complained about discrimination have been treated more favorably, including one employee who has a criminal history (for stealing prescription pads) and is/was being treated for heroin.  Other employees have suspended licenses, have not obtained licenses or certifications within the required timeframes, have been given multiple attempts to test and retest at the City's expense and were not terminated.

E. CAUSES OF ACTION

Count No. 1-Sex Discrimination Based Upon Quid Pro Quo and Sexual Harassment and Retaliation Under Title VII of the Civil Rights Act Against City of La Marque

30. Green repeats and re-alleges paragraphs 1 through 29 with the same force and effect as though fully set forth herein.

31. Quid Pro Quo:  By dangling her continued employment with the City of La Marque, Captain William Reed, Green's supervisor initiated a sexual relationship with her.

32. After refusing to continue a sexual relationship with her supervisor Captain William Reed, he threatened to have her terminated.

33. A tangible employment action resulted from Green's refusal to submit to Captain William Reed, her supervisor's sexual demands.

34. On July 16, 2019, the City of La Marque informed Green that she was terminated from employment, based upon a positive drug test—a sample of which had been allegedly taken on a day that she did not submit to a drug test.

35. Sexual Harassment: In the alternative, Green also asserts a hostile work environment based upon her sex.

36. She belongs to a protected group as a female and Captain William Reed, her supervisor, demanded sexual intercourse with her to retain her employment and thus subjected her to unwelcome sexual harassment and such harassment complained of was based upon sex.

37. The harassment—frequent demands for sex were severe or pervasive.  It was unwelcome and altered the terms and conditions of her workplace.

38. Her promotion was downgraded to the "acting role" and she was later terminated for an alleged positive drug test—the drug test form indicates that her sample was collected on a date that she did not submit for a test.

6

39. Because she complained to Fire Chief Grimm both in writing and verbally and to the City Manager, the City of La Marque knew or should have known of the harassment and failed to take prompt remedial action.

40. Retaliation: Plaintiff Green engaged in protected activity. Specifically, she complained to Fire Chief Grimm in writing and verbally of Captain William Reed's demands for sex. She complained to the City Manager of the continued harassment she endured based upon Captain Reed's actions. She further requested to meet with the City Manager to discuss the extent of her harassment and that she would be filing an EEOC charge if without any assistance.

41. In response to her complaints to the City, it sent police officers to transport her to submit to drug testing.

42. Plaintiff further complained and filed a charge of discrimination with the EEOC against the City.

43. In response to her complaints, she suffered an adverse employment action—termination.

44. A causal link exists between the protected activity of complaining and the adverse employment action (her termination), as within days of complaining to the City, she was terminated. Moreover, the standard drug test results were negative and the subsequent drug test purports to have collected her biological specimen on a date she had not submitted for a drug test.

45. Such discrimination and retaliation has caused Green to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and

other benefits associated as Green has been subjected to an adverse employment action as a result of the retaliation. Such discrimination/sexual harassment and retaliation was committed with malice and reckless indifference to the rights of Green who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

46. Green has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated and retaliated against by the City of La Marque.

47. Green is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of the City of La Marque's retaliatory practices and they will continue unless and until this Court grants relief.

### Count No. 2- Discrimination, Sexual Harassment, and Retaliation in Violation of the TCHRA Against City of La Marque

48. Green repeats and re-alleges paragraphs 1 through 47 with the same force and effect as though fully set forth herein.

49. Defendant's actions, either through themselves or through their agents, representatives and/or employees, constituted unlawful discrimination, harassment, and retaliation in violation of the Texas Labor Code § 21.051 and §21.055.

### F.  JURY REQUEST

50. Plaintiff requests a trial by jury.

### G.  PRAYER

For these reasons, Plaintiff, NACHOL GREEN prays that Defendant CITY OF LA MARQUE be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) For actual damages;

b) Back pay to compensate Green for loss of income and/or employment related benefits resulting from the discriminatory/sexually harassing and retaliatory actions of Defendant;

c) Compensatory damages for severe mental anguish in the past and future, injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory/sexually harassing and retaliatory actions of Defendant;

d) An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

e) Pre-judgment interest at the highest rate allowed by law;

f) Post-judgment interest at the highest rate allowed by law; and

g) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: */s/ Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Rochelle Owens
State Bar No. 24048704
Federal Id. No. 590507

**ATTORNEYS FOR PLAINTIFF**